UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. JENNIFER SILVA
and JESSICA ROBERTSON,

    Plaintiffs,

v.                        Case No. 8:15-cv-444-T-33TGW

VICI MARKETING, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of non-parties Belcher Pharmaceuticals, LLC and Mihir Taneja's Petitions to Set Aside the Civil Investigative Demand (Doc. ## 140, 141), both filed on February 21, 2020. The United States has responded in opposition (Doc. # 145), and the Petitions are ripe for review. For the reasons that follow, the Petitions are denied.

**Discussion**

The False Claims Act (FCA) permits the United States to issue Civil Investigative Demands (CIDs) to obtain documents, answers to interrogatories, or testimony to facilitate a false claims investigation. Specifically,

1

> [w]henever the Attorney General, or a designee (for purposes of this section), has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation, the Attorney General, or a designee, may, **before commencing a civil proceeding under [S]ection 3730(a) or other false claims law, or making an election under [S]ection 3730(b)**, issue in writing and cause to be served upon such person, a civil investigative demand . . . .

31 U.S.C. § 3733(a)(1) (emphasis added).

Thus, the United States may not issue CIDs to someone in order to support an FCA case that it has already filed or in which it has already made its intervention decision. See Avco Corp. v. U.S. Dep't of Justice, 884 F.2d 621, 623 (D.C. Cir. 1989)("Both parties concede — and it is evident to anyone reading the statute — that the Attorney General may not employ the power granted by this section after he has commenced a false claims action."); see also United States v. Kernan Hosp., No. CIV.A. RDB-11-2961, 2012 WL 5879133, at *1 (D. Md. Nov. 20, 2012)(setting aside a CID because the United States had already filed an FCA lawsuit against the entity that had been dismissed without prejudice and the United States was attempting to use the CID to obtain further information to file a second lawsuit).

Belcher and Taneja argue that the CIDs issued to them are improper because they relate only to this pending FCA

case in which the United States has already intervened. (Doc. # 140 at 3-4; Doc. # 141 at 3-4). According to them, the United States "cannot argue it is now conducting a separate and distinct investigation and be allowed to issue the CID." (Doc. # 140 at 4; Doc. # 141 at 4).

But the United States represents that it is using the CIDs as investigative tools to determine whether it wishes to bring a separate FCA action against Taneja — not to extend its investigative efforts in this pending FCA case. (Doc. # 145 at 5-6). Although the United States is investigating Taneja's involvement in the same scheme or schemes involved in this case, the United States is doing so in anticipation of filing a separate action against Taneja. Importantly, Belcher and Taneja have presented no case law holding that the United States may not issue a CID to a person it is investigating because the government is also litigating a related FCA case against different entities.

Thus, the Court agrees with the United States that "intervening against one or more parties named in a qui tam [case] does not divest the United States of authority to issue a CID to a non-party it is investigating." (Id. at 5). Nor does the stay of this pending FCA action preclude the United States from continuing its investigation into Taneja and

3

Belcher to determine whether to bring a separate action against them.

Finally, the Court determines that the CIDs, which are administrative subpoenas, should not be quashed. See United States v. Markwood, 48 F.3d 969, 975 (6th Cir. 1995)("[W]e do not agree with Markwood's suggestion that a false claims CID cannot be enforced like other administrative subpoenas."); see also United States v. Hines, No. 8:18-mc-83-T-36CPT, 2019 WL 4491313, at *3 (M.D. Fla. Aug. 14, 2019)("CIDs are considered a type of administrative subpoena."), adopted by, No. 8:18-mc-83-T-36CPT, 2019 WL 4479314 (M.D. Fla. Sept. 18, 2019).

"It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency." E.E.O.C. v. Kloster Cruise Ltd., 939 F.2d 920, 922 (11th Cir. 1991). "As a general rule, an administrative subpoena should be enforced 'if the inquiry is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant.'" United States v. Fla. Azalea Specialists, 19 F.3d 620, 623 (11th Cir. 1994)(citation omitted). Here, the CIDs

seek information and documents reasonably relevant to the United States' pending FCA investigation. The CIDs are not unduly burdensome in their scope because they seek only information and documents from a two-year period that are related to the scheme the government is investigating.

In short, the Court will not set aside the CIDs.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Non-parties Belcher Pharmaceuticals, LLC and Mihir Taneja's Petitions to Set Aside the Civil Investigative Demand (Doc. ## 140, 141) are **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of April, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE