```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA
ex rel. JENNIFER SILVA
and JESSICA ROBERTSON,

    Plaintiffs,

v.                      Case No. 8:15-cv-444-T-33TGW

VICI MARKETING, LLC,
et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon consideration of the United States of America's Motion to Sever (Doc. # 151), filed on June 29, 2020. Non-parties Belcher Pharmaceuticals, LLC and Mihir Taneja responded on July 13, 2020. (Doc. # 152). For the reasons that follow, the Motion is denied.

## Discussion

Relators initiated this False Claims Act (FCA) action against twelve Defendants back in 2015. (Doc. # 1). In 2018, the United States intervened in part in this case and subsequently filed its complaint in intervention against Defendants Z Stat Medical, Stat Direct, and Larry Smith. (Doc. ## 24, 39). On October 28, 2019, the Court stayed the case

pending completion of criminal proceedings against Smith. (Doc. # 135). Belcher and Taneja have never been Defendants to this action.

Yet, on February 21, 2020, Belcher and Taneja filed petitions to set aside Civil Investigative Demands (CIDs) in this case, seeking to quash the CIDs the United States served on them. (Doc. ## 140, 141). Although Belcher and Taneja recognized that they were not parties to this action, they filed the petitions in this case because they maintained the CIDs relate only to this pending FCA action. (Doc. # 140 at 3-4; Doc. # 141 at 3-4). According to them, the United States could not "argue it [was] conducting a separate and distinct investigation and be allowed to issue the CID." (Doc. # 140 at 4; Doc. # 141 at 4).

On April 6, 2020, the Court denied these petitions because "the Court agree[d] with the United States that 'intervening against one or more parties named in a qui tam [case] does not divest the United States of authority to issue a CID to a non-party it is investigating.'" (Doc. # 146 at 3). "Nor [did] the stay of this pending FCA action preclude the United States from continuing its investigation into Taneja and Belcher to determine whether to bring a separate

action against them." (Id. at 3-4). Thus, the Court did not set aside or quash the CIDs.

After the Court entered its Order, Belcher and Taneja appealed on April 20, 2020. (Doc. # 147). That appeal remains pending.

Now, the United States seeks to sever Belcher and Taneja's petitions from this FCA action. (Doc. # 151). According to the United States, severance is appropriate "[i]n the interests of judicial economy and consistent with typical practice" and to "avoid any confusion going forward about what parts of Case No. 8:15-cv-444 have been appealed." (Id. at 4). The United States emphasizes that the "legal issues raised by the third parties' refusal to respond to the CIDs are distinct from the factual and legal questions in the United States' complaint alleging Defendants violated the [FCA] by engaging in kickback schemes and submitting claims without valid doctor-patient relationships." (Id.).

The Court agrees with the United States that it would have been better practice for Taneja and Belcher to file the motions to quash the CIDs as a separate miscellaneous case. Indeed, actions to quash or enforce administrative subpoenas are frequently filed as miscellaneous cases. See, e.g., United States v. Cross Senior Care, Inc., No. 8:19-mc-8-T-

3

33TGW (M.D. Fla. 2019)(a miscellaneous action filed by the United States to enforce a civil investigative demand); <u>Fed. Trade Comm'n v. Tracers Info. Specialists, Inc.</u>, No. 8:16-mc-18-T-33TGW, 2016 WL 3896840, at *8 (M.D. Fla. June 10, 2016)(granting the Federal Trade Commission's petition for an order enforcing administrative investigative process in a miscellaneous case); <u>Luongo v. United States</u>, No. 6:07-mc-76-Orl-28DPD (M.D. Fla. 2007)(a miscellaneous action to quash an IRS administrative subpoena).

However, the United States did not file a motion to sever when the petitions to set aside the CIDs were first filed. That would have been the best time to sever these petitions and open them in a separate miscellaneous action. As the Court has already ruled on the petitions and Taneja and Belcher appealed the Court's Order months ago, it would not enhance judicial efficiency to sever the petitions now. Furthermore, as Taneja and Belcher are not parties to this FCA action and this FCA action remains stayed, the Court finds that the risk of confusion regarding what issues are on appeal is minimal. Thus, the Court denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The United States of America's Motion to Sever (Doc. # 151) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of July, 2020.

                                      VIRGINIA M. HERNANDEZ COVINGTON
                                      UNITED STATES DISTRICT JUDGE